CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

JAN 3 1 2011

JULIA C. DUDLEY, CLERK
BY:
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| JIMMY D. ADKINS, <br>     Plaintiff, | ) Civil Action No. 7:11-cv-00032 <br> ) <br> ) |
| v. | )   **MEMORANDUM OPINION** <br> ) |
| PITTSYLVANIA COUNTY JAIL, et al., <br>     Defendants. | ) By: Hon. James C. Turk <br> ) Senior United States District Judge |

Jimmy D. Adkins, a Virginia inmate proceeding pro se, filed a civil rights complaint, pursuant to 42 U.S.C. § 1983 with jurisdiction vested in 28 U.S.C. § 1343. Plaintiff names as defendants the Pittsylvania County Jail ("Jail"); Pittsylvania County; and its Sheriff, Mike Taylor. This matter is before the court for screening, pursuant to 28 U.S.C. § 1915A. After reviewing plaintiff's submissions, the court dismisses the complaint without prejudice for failing to state a claim upon which relief may be granted.

I.

Plaintiff alleges the following information in his verified complaint. While plaintiff was housed in the Jail, the Jail charged plaintiff $3.00 each day before and after his conviction. The Jail continued to charge him $3 per day even after he was assigned a Virginia Department of Corrections ("VDOC") inmate number and classified as a VDOC inmate. The Jail also charged plaintiff after he left it for a medical service that did not occur. Plaintiff seeks as relief compensatory damages of what he paid the Jail for his housing, $100,000.00 for hardship and suffering, and the costs of this action.

II.

The court must dismiss any action or claim filed by an inmate if the court determines that the action or claim is frivolous or fails to state a claim on which relief may be granted. See 28

U.S.C. §§ 1915(e)(2), 1915A(b)(1); 42 U.S.C. § 1997e(c). The first standard includes claims based upon "an indisputably meritless legal theory," "claims of infringement of a legal interest which clearly does not exist," or claims where the "factual contentions are clearly baseless." Neitzke v. Williams, 490 U.S. 319, 327 (1989). The second standard is the familiar standard for a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), accepting the plaintiff's factual allegations as true. A complaint needs "a short and plain statement of the claim showing that the pleader is entitled to relief" and sufficient "[f]actual allegations . . . to raise a right to relief above the speculative level . . . ." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (internal quotation marks omitted). A plaintiff's basis for relief "requires more than labels and conclusions . . . ." Id. Therefore, the plaintiff must "allege facts sufficient to state all the elements of [the] claim." Bass v. E.I. Dupont de Nemours & Co., 324 F.3d 761, 765 (4th Cir. 2003).

However, determining whether a complaint states a plausible claim for relief is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Ashcroft v. Iqbal, __ U.S. __, 129 S. Ct. 1937, 1950 (May 18, 2009). Thus, a court screening a complaint under Rule 12(b)(6) can identify pleadings that are not entitled to an assumption of truth because they consist of no more than labels and conclusions. Id. Although the court liberally construes pro se complaints, Haines v. Kerner, 404 U.S. 519, 520-21 (1972), the court does not act as the inmate's advocate, sua sponte developing statutory and constitutional claims the inmate failed to clearly raise on the face of his complaint. See Brock v. Carroll, 107 F.3d 241, 243 (4th Cir. 1997) (Luttig, J., concurring); Beaudett v. City of Hampton, 775 F.2d 1274, 1278 (4th Cir. 1985). See also Gordon v. Leeke, 574 F.2d 1147, 1151 (4th Cir.

1978) (recognizing that district courts are not expected to assume the role of advocate for the pro se plaintiff).

To state a claim under § 1983, a plaintiff must allege "the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." West v. Atkins, 487 U.S. 42, 48 (1988). However, neither the Jail nor Pittsylvania County is a "person" subject to § 1983. Furthermore, an official capacity suit against a sheriff for damages is not permitted by the Eleventh Amendment. Therefore, the only proper defendant in this action is the Sheriff in his individual capacity.

Plaintiff presently fails to state a claim upon which relief may be granted. Plaintiff's claim is that the $3 daily fee was excessive, and thus unconstitutional, while he was a pretrial detainee and a convict. A pre-trial detainee may be subjected to restrictions and conditions of the detention facility as long as those conditions and restrictions do not amount to punishment. Bell v. Wolfish, 441 U.S. 520, 536-37 (1979). However, "not every inconvenience encountered during pre[-]trial detention amounts to punishment in the constitutional sense." Martin v. Gentile, 849 F.2d 863, 870 (4th Cir. 1988).

The Fourth Circuit Court of Appeal held in Slade v. Hampton Roads Regional Jail, 407 F.3d 243, 250 (4th Cir. 2005), that the imposition of a daily room and board fee in conformity with the allowance by state law does not constitute unconstitutional "punishment" of a pre-trial detainee. In that case, a pre-trial detainee challenged the room and board charge allowed by Va. Code § 53.1-131.3 as an unconstitutional punishment prior to conviction. The Fourth Circuit determined that the statute contained no stated purpose or intent to punish pre-trial detainees and

concluded that the daily charge. Slade, 407 F.3d at 251-52. See Tillman v. Lebanon Cnty. Corr. Facility, 221 F.3d 410, 422 n.13 (3d Cir. 2000) (finding no procedural due process violation where deduction of ten dollars per day for room and board involved "routine matters of accounting, with a low risk of error").

As of 2009 and at all times relevant to plaintiff's time at the Jail, Virginia Code § 53.1-131.3 provided that "[a]ny sheriff or jail superintendent may establish a program to charge inmates a reasonable fee, not to exceed $ 3 per day, to defray the costs associated with the prisoners' keep. . . . Such funds shall be . . . used for general jail purposes."[1] The Fourth Circuit already determined that this statute is not unconstitutional as applied to pre-trial detainees, and plaintiff fails to establish how the fee would violate the Eighth Amendment since it is not considered punishment, let alone cruel or unusual.

Plaintiff's complaint that the Jail charged him for medical services he did not receive also does not presently state a claim. An allegation that Jail officials intentionally or negligently deprived him of his property by erroneously charging him for medical services that did not occur does not state any constitutional claim "if a meaningful post-deprivation remedy for the loss is available." Hudson v. Palmer, 468 U.S. 517, 533 (1984). Plaintiff possesses a post-deprivation remedy under Virginia law, the Virginia Tort Claims Act ("VTCA"). See Va. Code § 8.01-195.3. "Section 1983 was intended to protect only federal rights guaranteed by federal law, and not tort claims for which there are adequate remedies under state law." Wright v. Collins, 766 F.2d 841, 849 (4th Cir. 1985). Therefore, plaintiff cannot presently prevail with a constitutional

---

[1] Prior to 2009, the statute permitted up to a $1 fee, which is how the statute was written at the time of Slade. However, Virginia amended the statute as of 2009 to authorize a $3 fee and did not amend the statute in any other pertinent manner.

claim under § 1983 against the defendants based on an improperly charged medical fee.

III.

For the foregoing reasons, the court dismisses the complaint without prejudice, pursuant to 28 U.S.C. § 1915A(b)(1).

The Clerk is directed to send copies of this memorandum opinion and the accompanying order to the plaintiff.

**ENTER**: This _31st_ day of January, 2011.

/s/ James C. Turk
Senior United States District Judge